# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| RONALD J. MCAFEE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 1:12-CV-00417-RLM-SLC |
| MEDTRONIC, INC., | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On May 29, 2015, Plaintiff Ronald McAfee filed a "Motion Pursuant to Rule 30(a)(2) and Rule 26(d)(1) for Leave to Take Deposition of Plaintiff," seeking leave of Court to take his evidence deposition in order to preserve his testimony for trial. (DE 30). In the motion, McAfee states that he will be 75 years old in August, has a chronic heart condition, and is moving to Oklahoma in September to be closer to family. Defendant Medtronic, Inc., opposes McAfee's motion, claiming it is "premature, procedurally improper, and predicated on a fundamental misapprehension of fact." (DE 34). For the following reasons, McAfee's motion, which is now fully briefed (DE 37), will be DENIED without prejudice.

### A. *Factual and Procedural Background*

In November 2012, McAfee filed this suit against Medtronic, a medical device manufacturer, alleging that he was injured by a defective lead wire to a defibrillator-pacemaker implanted in him in July 2006. (DE 1, 19). In December 2012, Medtronic filed a motion to dismiss McAfee's complaint, which was denied as moot in March 2014 after McAfee filed an amended complaint. (DE 4, 19, 21). In May 2014, Medtronic moved to dismiss McAfee's amended complaint. (DE 22).

On May 29, 2015, McAfee filed the instant motion, seeking leave of Court to take his evidence deposition prior to the parties' conference under Federal Rule of Civil Procedure 26(f) due to his age, health, and impending move to Oklahoma. (DE 30). A few days later, the District Judge granted in part and denied in part Medtronic's motion to dismiss, dismissing all claims other than those based on an alleged failure to warn the FDA. (DE 31). On June 15, 2015, Medtronic filed a motion to reconsider, arguing that *all* of McAfee's claims should be dismissed (DE 32); that motion is now ripe for ruling by the District Judge (DE 38, 39).

### B. Applicable Law

Federal Rule of Civil Procedure 26(d) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." More particularly, Federal Rule of Civil Procedure 30(a)(2) provides that absent a stipulation between the parties:

> [a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2)[,] . . . [if] the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time . . . .

"A party seeking leave to conduct an expedited deposition has the burden of justifying this request." *Alternative Energy Solutions, Ltd. v. Chico*, No. 2:11-cv-267, 2011 WL 3880439, at *1 (N.D. Ind. Sept. 2, 2011); *accord Borom v. Town of Merrillville*, No. 2:07-cv-98, 2007 WL 1797639, at *5 (N.D. Ind. June 19, 2007). "In other words, the movant must establish 'good cause'" for the expedited deposition. *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012) (citations omitted).

## C. Discussion

As stated above, McAfee seeks leave to take his evidence deposition prior to the parties' Rule 26(f) conference because he is almost 75 years old, has a chronic heart condition, and is planning to move to Oklahoma in September. Medtronic opposes McAfee's motion on several bases, which the Court will discuss in turn.

In support of his motion, McAfee attaches life expectancy tables indicating that the life expectancy of a male in Indiana is currently 75.09 years. (DE 30 at ¶ 3, Ex. A). He emphasizes that these tables do not take into account his chronic heart condition; that he has had a defibrillator implanted since 2006; and "[o]n information and belief," that he had an aortic aneurism surgically removed in 2012. (DE 30 at ¶ 3). As such, he urges that, in the interests of justice, his deposition should be conducted within the next 90 days to preserve his testimony for trial. He also asserts that it will be more convenient and less expensive for the parties to take his deposition before he moves to Oklahoma. (DE 30 at ¶ 4).

Medtronic is not persuaded by McAfee's proffered reasons for expedited discovery. It observes that the table McAfee submits pertains to the life expectancy of a male born *today* in Indiana—not the life expectancy of a male who is already almost 75 years old. It offers another table, the United States Life Tables compiled by the Center for Disease Control, indicating that a 75-year-old American male is, on average, expected to live to the age of 86. (DE 34 at 5; DE 34-1).

Nor does Medtronic believe that McAfee's described health history justifies expedited discovery. It emphasizes that McAfee's heart condition has been treatable for the past nine years, and thus, there is no showing of an acute medical condition requiring an expedited

3

deposition. It contends that it would be unfairly prejudiced if the deposition were to go forward before it receives all of McAfee's medical records and authorizations, has ample time to review them, and obtains an independent medical evaluation, likely resulting in the need for a second deposition.

Medtronic further emphasizes that McAfee chose to sue in Indiana and his decision to move to Oklahoma is not a reason to order the deposition prematurely. Medtronic does not expect that it would be overly burdensome or expensive for McAfee to travel to Indiana for the deposition, or for the lawyers to travel to Oklahoma.

Finally, Medtronic urges that expedited discovery is particularly inappropriate given its pending motion for reconsideration of the Court's partial denial of its motion to dismiss. It emphasizes that if the motion is granted, it would terminate this litigation in its entirety and obviate the need for any discovery. *See, e.g.*, *Simon v. Muschell*, Nos. 1:09-cv-301, 1:10-cv-58, 2014 WL 1651975, at *2 (N.D. Ind. Apr. 18, 2014) ("Courts have recognized that securing a just, speedy, and inexpensive determination of every action is good cause to stay discovery pending the outcome of dispositive motions.").

Having considered the parties' competing arguments and interests, the Court concludes that, on this record, McAfee falls short of showing "good cause" for the early deposition. *Hard Drive Prods., Inc.* 283 F.R.D. at 410. The Court acknowledges that "[a]dvanced age certainly carries an increased risk that the witness will be unavailable by the time of trial." *Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. 1995) (noting that the deponent's age of 81 "presents a significant risk that he will be unavailable to testify by the time of trial"); *but see Borom*, 2007 WL 1797639, at *5-6 (denying motion for early discovery where the only support

4

presented for expediting a witness's deposition "is the fact that [he] is in his eighties").

However, McAfee filed this motion just days before the District Judge granted in part and denied in part Medtronic's motion to dismiss, narrowing the claims at issue in this litigation. The motion to reconsider is now ripe for ruling, and once ruled on, the Court will set a Rule 16(b) scheduling conference. Accordingly, the delay until the parties' Rule 26(f) conference, that is, until the parties can cooperatively schedule McAfee's deposition, is coming to a close.

Furthermore, "there is no medical evidence properly before the [C]ourt supporting [McAfee's] motion or verifying his fragile medical condition or the need for his early deposition." *King v. O'Reilly Auto. Stores, Inc.*, No. C13-1220JLR, 2013 WL 4511476, at *3 (W.D. Wash. Aug. 22, 2013); *see also Marshall v. Madoff*, No. 15-mc-56, 2015 WL 2183939, at *3 (S.D.N.Y. May 11, 2015) (denying petitioner's motion to depose respondent under Rule 27(a) where petitioner presented little actual evidence demonstrating respondent's purported poor health). Instead, McAfee simply asserts in his brief (to which he attaches merely his counsel's emails) that he has a "chronic heart condition," that he "had a defibrillator attached to his heart since July 21, 2006," and that "[o]n information and belief, [he] also had an aortic aneurism surgically removed in February of 2012." (DE 30 at ¶ 3). To reiterate, "[a] party seeking leave to conduct an expedited deposition has the burden of justifying this request." *Alternative Energy Solutions, Ltd.*, 2011 WL 3880439, at *1.

It appears that McAfee's impending move to Oklahoma may have facilitated this motion. That, however, has little bearing on whether he is entitled to expedited discovery. Although Rule 30(a)(2) allows for a deposition before the Rule 26(f) conference if the deponent is expected to leave the country, McAfee is leaving the State of Indiana, not the United States.

"[C]onducting one deposition of a specific individual not located in Indiana is not overly burdensome." *McClain v. T P Orthodontics*, No. 3:07-cv-113, 2008 WL 2477578, at *3 (N.D. Ind. June 16, 2008) (stating that the costs associated with an out of state deposition "are simply a consequence of litigation").

In sum, on this record, McAfee's motion for leave to take an early deposition will be DENIED. McAfee may, however, renew his motion in the event the delay before the Rule 26(f) conference becomes substantial or his health becomes fragile as demonstrated by supporting evidence. Having said that, the parties are REMINDED that Rule 30(a) provides that the parties may stipulate to an early deposition and that "discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention." *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (citing *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)).

### D. Conclusion

For the foregoing reasons, the Motion Pursuant to Rule 30(a)(2) and Rule 26(d)(1) for Leave to Take Deposition of Plaintiff (DE 30) is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Enter for this 7th day of July 2015.

s/ Susan Collins  
Susan Collins  
United States Magistrate Judge